NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 22-2106

———————

JOHN DOE 1, in their own capacity and as parent of Child Doe 1;
JANE DOE 1, in their own capacity and as parent of Child Doe 1;
JOHN DOE 2, in their own capacity and as parent of Child Doe 2;
JANE DOE 2, in their own capacity and as parent of Child Doe 2;
JOHN DOE 3, in their own capacity and as parent of Child Doe 3;
JANE DOE 3, in their own capacity and as parent of Child Doe 3;
JOHN DOE 4, in their own capacity and as parent of Child Doe 4;
JANE DOE 4, in their own capacity and as parent of Child Doe 4;
JOHN DOE 5, in their own capacity and as parent of Child Doe 5;
JANE DOE 5, in their own capacity and as parent of Child Doe 5
and on behalf of those similarly situated,

Appellants

v.

UPPER SAINT CLAIR SCHOOL DISTRICT, a Pennsylvania governmental entity;
PHILLIP J. ELIAS, all individual elected officials sued in their official capacity as
members of the Upper Saint Clair School District Board of Directors; DAPHNA GANS,
all individual elected officials sued in their official capacity as members of the Upper
Saint Clair School District Board of Directors; BARBARA L. BOLAS, all individual
elected officials sued in their official capacity as members of the Upper Saint Clair
School District Board of Directors; PATRICK A. HEWITT, all individual elected
officials sued in their official capacity as members of the Upper Saint Clair School
District Board of Directors; LOUIS P. MAFRICE, JR., all individual elected officials
sued in their official capacity as members of the Upper Saint Clair School District Board
of Directors; MICHAEL R. MASCARO, all individual elected officials sued in their
official capacity as members of the Upper Saint Clair School District Board of Directors;
ANGELA B. PETERSEN, all individual elected officials sued in their official capacity
as members of the Upper Saint Clair School District Board of Directors;
JENNIFER A. SCHNORE, all individual elected officials sued in their official capacity
as members of the Upper Saint Clair School District Board of Directors;
DANIELLE Z. WETZEL, all individual elected officials sued in their official capacity
as members of the Upper Saint Clair School District Board of Directors; UPPER SAINT

CLAIR SCHOOL DISTRICT BOARD OF DIRECTORS, a Pennsylvania elected legislative body

---

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-22-cv-00112)
District Judge: Honorable William S. Stickman, IV

---

Submitted Under Third Circuit L.A.R. 34.1(a)
January 11, 2023

Before: AMBRO, GREENAWAY, JR., and KRAUSE, Circuit Judges

(Opinion filed: January 13, 2023)

---

OPINION[*]

---

AMBRO, Circuit Judge.

Plaintiffs-Appellants (for ease of reference, "Plaintiffs") are school-age children and their parents who sued to enjoin the Upper Saint Clair School District from instituting an optional COVID-19 masking policy in January 2022. They claimed violations of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

In connection with Plaintiffs' complaint, they sought a temporary restraining order from the District Court. That request was denied. Plaintiffs next filed an interlocutory appeal with us. Along with their appeal, they moved for emergency injunctive relief. We

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

granted that relief on a temporary basis the same day it was sought to preserve the Parties' status quo pending our decision on the merits. We then extended the temporary injunction pending further briefing and oral argument.

But before we could consider the merits of Plaintiffs' claims (much less render a decision), the Centers for Disease Control and Prevention (CDC) published revised guidance for COVID-19 mitigation measures. We concluded that guidance mooted Plaintiffs' claims. As such, we dismissed their appeal and directed the District Court on remand to dismiss their complaint without prejudice. Following dismissal on remand, Plaintiffs motioned the District Court for attorneys' fees and costs. *See* 42 U.S.C. § 12205; 29 U.S.C. § 794a. It denied that request, ruling that they were not prevailing parties entitled to statutory relief. We agree.

Plaintiffs have not obtained a "judgment on the merits" or a "court-ordered consent decree." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 605 (2001). This case also does not present the "rare situation where a merits-based determination is made at the injunction stage." *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (en banc) (citing *People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 229 (3d Cir. 2008)). We merely issued limited injunctive relief "on a temporary basis" to facilitate the forming of a "full three-judge panel of this Court" to consider the substance of Plaintiffs' claims. J.A. 390. In the end, the Parties' dispute was resolved by the CDC's "nonjudicial alteration of actual circumstances," a situation that does not call for an award of attorneys' fees or costs. *Buckhannon*, 532 U.S. at 606 (cleaned up).

3

Because Plaintiffs achieved none of the outcomes that warrant the relief they seek, we affirm.